## Case No. 16,116.

UNITED STATES v. RAND et al.

[4 Sawy. 272.] [1]

Circuit Court, D. California. July 30, 1877.

MARSHAL'S BOND—STATUTE OF LIMITATIONS.

Section 786 of the Revised Statutes, limiting the time within which actions must be commenced on marshal's bonds, does not apply to actions instituted by the United States.

At law.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

John M. Coghlan, U. S. Atty.
Latimer & Morrow, for defendant.

SAWYER, Circuit Judge. This is an action upon a United States marshal's official bond. The sureties demur on the ground that it appears upon the face of the complaint that the action is barred by the statute of limitations. The defendant [Charles W.] Rand, as appears from the allegations of the complaint, went out of office on September 1, 1869; and the breach alleged is, that the amount claimed, about $900, was then in his hands, which he neglected and refused, and which he still neglects and refuses to pay to the plaintiff. The complaint was filed August 30, 1876, so that more than six years elapsed after Rand ceased to be marshal before this action was commenced.

The United States attorney makes the point that the statute of limitations, relating to marshals' bonds, does not apply to actions brought by the United States, but only to actions upon the bond in favor of private parties. Section 786 of the Revised Statutes provides "that no suit on a marshal's bond shall be maintained, unless it is commenced within six years after the right of action accrues, saving, nevertheless, the right of infants, married women, and insane persons, so that they sue within three years after their disabilities are removed." Section 784 authorizes persons injured by breaches of the conditions of marshals' bonds to institute suits thereon in their own names, and for their own use. It is insisted by the United States attorney that statutes of limitations do not embrace the government, unless specially named; that the United States is not named in this statute, and as there are private parties to whom the provision can apply, the ordinary rule upon the subject must prevail.

In Gibson v. Chouteau, 13 Wall. [80 U. S.] 98, the supreme court say that "the statutes of a state prescribing periods within which rights must be prosecuted are not held to embrace the state itself, unless it is expressly designated, or the mischiefs to be remedied are of such a nature that it must necessarily be included." In the provisions of the Revised Statutes, it is not pretended that the United States is "expressly designated." The form of expression is that usually adopted in statutes of limitations relating to actions upon contracts. I do not perceive that there is any reason for supposing the mischief to be remedied is of such a nature that the United States must necessarily be included, that does not apply with equal force to all cases of contracts with the government, and I know of no other bonds or contracts to which any statute of limitations is made applicable, except postmasters' bonds; and in this case, the limitation is made applicable to the United States in express terms. Rev. St. § 3838.

It was doubtless intended by these pro-

visions of the Revised Statutes to continue in force the provisions of the acts of congress as they before existed. By referring to the statute as it stood before the revision, it will be found that the latter part of section 783, sections 784–786, are copied from the act relating to marshals' bonds of April 10, 1806 (2 Stat. 372), and that they constitute the whole of that act. A consideration of the act as it originally stood, will afford the best means of ascertaining the meaning intended to be expressed. It will be seen that the whole subject-matter of that act is the rights of private parties in marshals' bonds. The first section requires all marshals' bonds to be recorded in the clerk's office, and provides that certified copies shall be competent evidence. This is to enable parties having an interest in the bond to obtain access to it, and make it easily available to them in instituting and maintaining their suits upon the bond. Section 2 gives a right to every party injured by a breach of the conditions to institute and maintain an action on the bond in his own name and for his own use. Section 3 provides for repeated actions till the amount of the bond is exhausted by the successive recoveries. And section 4 provides the time within which the actions must be brought, saving the rights of infants, femes covert and persons non compos mentis, until a specified time after the removal of the disability. The subject-matter of the fourth section, is evidently the same subject-matter as that embraced in the preceding sections, and there is nothing to indicate that it was intended to embrace any other.

Construing the whole act together, it is evident to my mind that it was only intended to give a remedy, in their own names, to private parties sustaining injuries from breaches of the conditions of marshals' bonds, and to limit the time within which the remedies provided should be pursued. There is no allusion whatever anywhere in the act to the rights of the United States in the bond.

As the provisions have been copied into the Revised Statutes, in the same language, the same construction must be given to them as is given to the act as it originally stood.

The demurrer is overruled, with leave to answer upon the usual terms.